UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-12238-RWZ


ROBERT J. MAMMOLA

v.

JOAN FEENEY *et al.*


MEMORANDUM OF DECISION

May 20, 2013


ZOBEL, D.J.

Plaintiff Robert Mammola suffered through some extremely painful bankruptcy proceedings that apparently left him and his family almost destitute. He now sues a number of defendants, namely:

(1) the judge who presided over the bankruptcy proceedings, U.S. Bankruptcy Judge Joan Feeney;

(2) the bankruptcy trustee appointed in his Chapter 7 proceeding, Harold B. Murphy, and Murphy's lawyers, attorney Andrew Lizotte and the firm Murphy & King, P.C. (collectively, "the trustee defendants"); and

(3) the lawyers representing a creditor in the bankruptcy proceedings, attorney James Liston and his firm Bartlett Hackett Feinberg P.C. (collectively, "the BHF defendants").

Count I of Mammola's complaint charges Feeney with judicial misconduct during the

bankruptcy proceedings. Count II appears to claim that Murphy violated various criminal statutes during his tenure as bankruptcy trustee. Count III charges Lizotte with libel for a motion he filed in the bankruptcy proceeding, and Count IV alleges fraud and misrepresentation by the BHF defendants. All of the defendants have now moved to dismiss the charges against them.

The allegations against Feeney must be dismissed because she is protected by absolute judicial immunity for all actions she took in her judicial capacity during the bankruptcy proceeding. See Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). In addition, Mammola apparently failed to serve the United States as required by Federal Rule of Civil Procedure 4(i)(2)-(3).

The allegations against the trustee defendants must be dismissed for lack of subject matter jurisdiction under the Barton doctrine, because Mammola did not seek leave of the bankruptcy court to file suit against the trustee. See Muratore v. Darr, 375 F.3d 140, 143-48 (1st Cir. 2004); Hutchins v. Shatz, Schwartz and Fentin, P.C., Civil Action No. 12-30111-MAP, 2013 WL 783069, at *6-7 (D. Mass. Feb. 28, 2013) (Barton doctrine applies to suits against the trustee's attorneys); see also Barton v. Barbour, 104 U.S. 126 (1881).

Finally, the allegations against the BHF defendants must be dismissed because Mammola bases all of his charges against them on statements they made on behalf of clients in the course of litigation. Such statements are protected by the absolute litigation privilege. See Bartle v. Berry, 953 N.E.2d 243, 249 (Mass. App. Ct. 2011).

Therefore, defendants' motions to dismiss (Docket ## 6, 8 & 17) are ALLOWED. The complaint is DISMISSED. Judgment shall enter accordingly.

May 20, 2013                              /s/Rya W. Zobel

DATE                                  RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE